John W. Carpenter (Cal. Bar No. 221708)
LAW OFFICES OF JOHN W. CARPENTER LLC
829 Baronne Street
New Orleans, LA 70113
T: 415.577.0698
F: 866.410.6248
Email: john@jwcarpenterlaw.com

*Attorney for Plaintiff*
*Tangle Inc.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Tangle Inc.,**<br><br>     Plaintiff,<br><br>     v.<br><br>**Magic Time International Ltd.; and Brown Sales & Marketing LLC**<br><br>     Defendants . | Case No.: 3:15-cv-2802<br><br>**COMPLAINT FOR PATENT INFRINGEMENT, AND INDUCING PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

# COMPLAINT FOR PATENT INFRINGEMENT AND INDUCING PATENT INFRINGEMENT

Plaintiff, Tangle Inc., complains of and for causes of action against Defendants, Magic Time International Ltd. and Brown Sales & Marketing LLC,**,** alleges as follows:

## NATURE OF THE CASE

1. This is an action arising under the Patent Laws and Statutes of the United States in which Plaintiff seeks to recover for patent infringement, and for inducing patent infringement, and for any and all damages and costs flowing therefrom.

## JURISDICTION AND VENUE

2. The Court has exclusive jurisdiction of the patent infringement claim and the inducement of patent infringement claim, all asserted in this case pursuant to the Patent Laws and Statutes of the United States (e.g., 35 U.S.C. §§ 271, *et seq*. and § 281) including 28 U.S.C. §§ 1331 and 1338(a).

3. On information and belief, Defendants Magic Time International Ltd. and Brown Sales & Marketing LLC (collectively "Defendants") are subject to personal jurisdiction in the Northern District of California (the "District"), consistent with the principles of due process and the California Long Arm Statute, because Defendants offer the infringing product for sale in this District, have transacted business in this District, have committed and/or induced acts of patent infringement in this District, and/or have placed the infringing product into the stream of commerce through established distribution channels with the expectation that such product will be purchased by residents of this District.

4. Venue is proper in this district under 28 U.S.C §§ 1391 and 1338(a).

## THE PARTIES

5. Plaintiff, Tangle Inc. ("Plaintiff"), is a California Corporation with a principal place of business in South San Francisco, CA. 94080.

6.      Defendant, Magic Time International Ltd.("Defendant Magic Time"), is a Hong Kong Corporation having a principal place of business at Room 618, 6/F, International Plaza, 20 Sheung Yuet Road, Kowloon Bay, Knowloon, Hong Kong. .

7.      Defendant, Brown Sales & Marketing LLC  ("Defendant Brown Sales"), is a Tennessee Corporation having a principal place of business at 6207 Belle Rive Drive, Brentwood, TN 37027.

## PLAINTIFF'S PATENT

8.      Plaintiff is the owner by assignment of all right, title and interest in and to United States Design Patent D576,235 S  which was duly issued on September 2, 2008. A true and correct copy of the design patent is attached hereto and incorporated herein as Exhibit A (hereinafter "'235 Patent").  The '235 Patent is for a football ("Plaintiff's Football").

## COUNT I

### (Patent Infringement of U.S. Design Patent D576,235 S Under 35 U.S.C. § 271, *et. seq.*))

9.      This COUNT is instituted against Defendants for patent infringement (i.e., direct patent infringement) of the '235 Patent.

10.     Plaintiff repeats and realleges and incorporates by reference the averments of the preceding paragraphs, which includes those of Count I, as though fully set forth herein.

11.     Defendants are infringing and/or have infringed in direct violation of 35 U.S.C. § 271 the '235 Patent in this Judicial District and/or elsewhere in the United States by having knowingly and intentionally manufactured, caused to be produced, distributed, advertised, marketed, offered for sale and/or sold a football ("Defendants' Football") which is substantially similar to Plaintiff's

Football in the eye of the ordinary observer, giving such attention a purchaser usually gives. Defendants Football is marketed under the product name "Squish."

12.     Defendants' aforesaid infringing activities are without Plaintiff's permission or authority.

13.     As a direct and proximate result of Defendants' infringing conduct, Plaintiff has been injured and suffered damages in this Judicial District and/or elsewhere in the United States, and will continue to suffer injury and damages to its business and reputation unless Defendants are restrained by this Court from infringing the '235 Patent.

14.     Given the widespread popularity and recognition of Plaintiff's Football, Plaintiff avers and hereon alleges that Defendants had knowledge of Plaintiff's rights to the design of Plaintiff's Football covered by the '235 Patent, and have intentionally substantially copied the design of Plaintiff's Football on Defendants' Football in an effort to pass off the design of Plaintiff's Football as if it originated, is associated with, is affiliated with, is sponsored by, is authorized by and/or is approved by Plaintiff.

15.     Plaintiff is informed and believes and hereon alleges that Defendants are competitors and have substantially copied Plaintiff's Football in an effort to exploit Plaintiff's reputation in the market.

16.     In light of the foregoing, Defendants' infringement of the '235 Patent has been or is willful and deliberate, and Plaintiff is entitled to recover all damages that Plaintiff has sustained and will sustain as a result of such infringing acts, as well as all gains, profits and advantages

obtained by Defendants as a result of such infringing acts, in an amount to be determined, which amount can be trebled under the provisions of 35 U.S.C. § 284.

17. Defendants' acts of infringement of the '235 Patent makes this an exceptional case within the meaning of 35 U.S.C. § 285, and entitles Plaintiff to attorney's fees.

18. Plaintiff is entitled to injunctive relief prohibiting Defendants from infringing the '235 Patent.

## COUNT II
### (Actively Inducing Patent Infringement)

19. This COUNT is instituted against Defendants for actively inducing patent infringement.

20. Plaintiff repeats and realleges and incorporates by reference all of the averments of the preceding paragraphs, which includes those of Count I (direct patent infringement), as though fully set forth herein.

21. Defendants had and have knowledge that they had directly infringed and are directly infringing the '235 Patent.

22. On information and belief, Defendants have induced and are inducing infringement by *inter alia* knowingly and intentionally having distributed and distributing, advertised and advertising, marketed and marketing, offered for sale and selling and/or sold Defendants' Football to others including Toys "R" Us, Inc., One Geoffrey Way, Wayne, NJ 07470, which is substantially similar to Plaintiff's Football in the eye of the ordinary observer, giving such attention a purchaser usually gives.

23. As a direct and proximate result of Defendants' inducing infringement activities, Plaintiff has been injured and suffered damages in this Judicial District and/or elsewhere in the United States, and will continue to suffer injury and damages to its business and reputation unless Defendants are restrained by this Court from inducing infringement of the '235 Patent.

24. In light of the foregoing, Defendants' inducing infringement of the '235 Patent has been or is willful and deliberate, and Plaintiff is entitled to recover all damages that Plaintiff has sustained and will sustain as a result of such inducing infringing acts, as well as all gains, profits and advantages obtained by Defendants as a result of such inducing infringing acts, in an amount to be determined, which amount can be trebled under the provisions of 35 U.S.C. § 284.

25. Defendants' acts of inducing infringement of the '235 Patent makes this an exceptional case within the meaning of 35 U.S.C. § 285, and entitles Plaintiff to attorney's fees.

26. Plaintiff is entitled to injunctive relief prohibiting Defendants from inducing infringement of the '235 Patent.

**PRAYER FOR RELIEF**

WHEREFOR Plaintiff Tangle Inc. respectfully prays for judgment against Defendants, as follows:

1   A judgment against Defendants and all in privity with Defendants that the '235 Patent is valid and enforceable;

2. A judgment against Defendants and all in privity with Defendants, that the '235 Patent is and/or has been directly infringed, and/or is and/or has been infringed by inducement, by

Defendants, and that Defendants are liable as direct patent infringers and/or liable as patent infringers by inducement;

3. An Order granting permanent injunctive relief restraining and permanently enjoining Defendants, their agents, servants, employees, officers, associates, attorneys, and all persons and entities acting by, through, or in concert with any of them, from (and/or inducing) the manufacturing, producing, distributing, advertising, marketing, offering for sale and/or selling a football, which is substantially similar to Plaintiff's Football in the eye of the ordinary observer, giving such attention a purchaser usually gives;

4. Ordering Defendants to recall from any distributors and retailers and to deliver to Plaintiff for destruction or other disposition all molds from which Defendants' Footballs (infringing product(s)) are produced, and remaining inventory of all Defendants' Footballs and related items, including all advertisements, promotional and marketing materials therefore, as well as means for making same;

5. Ordering Defendants to file with this Court and serve on Plaintiff within thirty (30) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

6. Ordering an accounting by Defendants of all gains, profits and advantages derived by their wrongful acts;

7. Awarding Plaintiff all of Defendants' profits and all damages sustained by Plaintiff as a result of Defendants' wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate;

8. Increasing the damages up to three times the amount found or assessed under 35 U.S.C. § 284;

9. Awarding treble damages in the amount of Defendants' profits or Plaintiff's damages, whichever is greater, for willful infringement;

10. Finding that this is an exceptional case under 35 U.S.C. § 285 and awarding attorneys' fees there under;

11. Awarding applicable interest (both prejudgment and post judgment), costs, disbursements and attorneys' fees; and

12. For such other and further relief which should appear just and equitable to this Court.

### DEMAND FOR JURY TRIAL

In accordance with Civil Local Rule No. 3-6, and pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury as to all claims in this litigation.

Dated: June 20, 2015.

Respectfully submitted,

/s/ John W. Carpenter
John W. Carpenter (Cal. Bar No. 221708)

LAW OFFICES OF JOHN W. CARPENTER LLC
829 Baronne Street
New Orleans, LA 70113
T: 415.577.0698
F: 866.410.6248
Email: john@jwcarpenterlaw.com

*Attorney for Plaintiff*
*Tangle Inc.*